

**THOMAS J. CATLIOTA**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## at GREENBELT

| | | |
|---|---|---|
| In re: | * | Case No.   21-11271-TJC |
| Paul Charles Bird, Sr. | * | Chapter   13 |
| | * | |
| Debtor | * | |
| * * * * * * | * * * * * * | |
| Specialized Loan Servicing LLC, as | * | |
| servicing agent for The Bank of New | * | |
| York Mellon Trust Company, National | * | |
| Association fka The Bank of New York | * | |
| Trust Company, N. A. as successor to | * | |
| JPMorgan Chase Bank, as Trustee for | * | |
| Mortgage Asset-Backed Pass-Through | * | |
| Certificates, Series 2002-RP2 | * | |
| Movant | * | |
| vs. | * | |
| Paul Charles Bird, Sr., *et al.* | * | |
| Respondent | * | |
| * * * * * * * | * * * * * * * | |

### MEMORANDUM OF DECISION

1

Two related matters are before the Court. The first is the amended motion for relief from the automatic stay filed by Specialized Loan Servicing LLC, as servicing agent for The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Mortgage Asset-Backed Pass-Through Certificates, Series 2002-RP2 ("Movant"). ECF 70. The motion seeks relief from stay to allow the Movant to exercise its rights and remedies under a note and deed of trust against real property described as 3416 Hopkins Avenue, Baltimore, MD (the "Property"). The motion is opposed by the Debtor Paul Charles Bird, Sr. He contends the Movant lacks standing to pursue the requested relief because it cannot establish it holds the right to enforce the deed of a trust due to a defective chain of title. ECF 36.[1] This deficiency, according to the Debtor, prevents the Court from exercising jurisdiction over the dispute.

Also before the Court are the objections to the Movant's proof of claim filed by the Debtor. ECF 83, 89. He objects to the claim based on the same arguments he raises in his defense of the motion. Movant opposes the objection. ECF 94.

The Court held a hearing on the motion and objections on February 16, 2022. Further, the standing and chain-of-title issues raised by the Debtor were fully addressed and resolved in the Order Addressing Debtor's Challenge to Standing and Subject Matter Jurisdiction issued on August 16, 2021. ECF 99. For the reasons set forth in this memorandum and in the August 16 order, the Court grants the motion for relief from stay and overrules the objections to the claim.

**Statement of Jurisdiction**

---

[1] The Debtor did not file a response to the Movant's amended motion for relief from stay (ECF 70); however, he maintains the same positions raised in his response to the original motion.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b), 28 U.S.C. §157(a), and Local Rule 402 of the United States District Court for the District of Maryland. This is a "core proceeding" under 28 U.S.C. §157(a)(B) and (G) and the Court has both statutory and constitutional authority to enter a final order.

## Findings of Fact

The Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code on March 1, 2021. The Court entered an order converting the case to a case under Chapter 13 on April 16, 2021.

The Debtor Paul Charles Bird, Sr. and the co-debtor Brenda Lee Armstrong executed a promissory note dated June 8, 1990, in the original principal amount of $111,481.00 (the "Note"). The Movant filed a copy of the Note signed by the Debtor with its proof of claim. *See* Claim No. 5-1 at pp. 24-25. *See also,* ECF 70 at pp. 7-40 (exhibits filed with the motion).

By its terms, the Note is secured by a security interest in the Property pursuant to a notarized deed of trust dated the same date as the Note and also executed by the Debtor and Ms. Armstrong. As reflected on its face, the deed of trust was recorded in the Department of Land Records for the Circuit Court for Baltimore County, Maryland at Liber 8504, page 533. Claim No. 5-1 at p. 31.

Pursuant to the terms of the Note, the loan matured on July 1, 2020, and the entire balance became due and payable. *Id*. at p. 24.

Movant filed Proof of Claim No. 5-1 stating the amount due as of the petition date is $260,416.88. *Id*. at p. 2. The Loan Payment History submitted with the proof of claim shows

that no payments have been received on the Note since December 10, 2004. *Id*. at p. 5-16.[2] The proof of claim breaks down the amounts due as follows:

| | |
|---|---|
| Principal | $ 99,441.18 |
| Interest | $119,578.72 |
| Escrow Deficiency for Funds Advanced | $ 32,888.47 |
| Fees, costs, etc. | $ 8,508.51 |

*Id*. at p. 4.

The Debtor's bankruptcy schedules, filed under penalty of perjury, state the value of the Property is $200,000. ECF 20 at p. 3. His schedule of income and expenses states he has monthly income of $1,500.00 and monthly expenses of $1,180.99 for net monthly income of $319.01. *Id.* at pp. 27-31. The Debtor, however, lists zero amount for rent or mortgage payments for the Property on his schedule of monthly expenses. *Id*. at p. 29.

## Conclusions of Law

As stated above, at the February 16, 2022 hearing the Court addressed both the Movant's motion for relief from stay and the Debtor's objections to Movant's claim. The Court will address each in turn.

*Movant's Motion for Relief from Stay (ECF 70)*

Movant seeks relief from the automatic stay under 11 U.S.C. §§362(d)(1) and (2) to continue the foreclosure sale of the Property. Section 362(d) provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

---

[2] The only credit to the loan since 2004 is an escrow adjustment made in the amount of $7,857.13 on April 16, 2021. *Id*. at p. 16.

4

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization;

§362(d)(1) and (2). Under §362(g), at a hearing for stay relief under §362(d), the party seeking relief has the burden of proof on the issue of a debtor's equity in property and the party opposing such relief has the burden of proof on all other issues.

Under §362(d)(1), on request of a party in interest, the court "shall" grant relief from the stay by terminating, annulling or modifying the stay "for cause, including lack of adequate protection." §362(d)(1). The Bankruptcy Code does not define "adequate protection." A primary basis for adequate protection is often an equity cushion—where the value of the collateral sufficiently exceeds the amount of the secured debt such that the secured lender is assured it will be paid in full. *See, e.g.*, *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984) (holding that a 20% cushion was adequate protection for a secured creditor). Section 361 provides other examples of adequate protection, such as requiring periodic cash payments or providing a replacement lien. *See* §361(1)-(3).

Section 362(d)(2) initially requires a moving party to establish there is no equity in the property that is secured by the loan. Once the movant makes that showing, the burden is on the debtor to establish that the collateral at issue is "necessary to an effective reorganization." *See* § 362(g). This requires more than a showing that if there is conceivably to be an effective reorganization, the property will be needed for it. The property must be essential for an effective reorganization "that is in prospect." *United Savings Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375-76 (1988). This means there must be "a reasonable possibility of a successful reorganization within a reasonable time." *Id.*

Here the record establishes an overwhelming basis for stay relief under both §362(d)(1) and §362(d)(2). There is most certainly a lack of adequate protection under §362(d)(1). As stated in the Findings of Fact, the Debtor has made no meaningful payments on the loan for seventeen years. During that time the Movant has been required to use its funds to pay property taxes and insurance in an amount in excess of $32,000. The Movant has been required to make these advances to protect its collateral position because of the lack of payments by the Debtor. Because there is no equity in the Property, Movant will not be able to recover these advances from the collateral, establishing a lack of adequate protection. In addition, the Debtor's failure to make payments for seventeen years, especially where there is no equity in the Property, establishes a lack of adequate protection.

The record also establishes an overwhelming basis for relief under §362(d)(2). In his bankruptcy schedules, the Debtor states the value of the Property is $200,000. Therefore, there is no equity in the Property. The Property is the Debtor's primary residence and thus the anti-modification provision of Chapter 13 applies. §1322(b)(2). This means the Debtor would be required to repay the loan over the five-year term of a plan. The Debtor's net monthly income of $319.01 as established by the schedules is not sufficient to make the required payments of approximately $4,300 per month (the proof of claim amount paid over 60 months), even without regard to the amount of any post-petition accruals. No plan is feasible or in prospect.

The Debtor does not assert facts that challenge the merits of the foregoing conclusions. He contends that because the Movant seeks to enforce its remedies through a lost note affidavit, the Movant lacks standing to pursue relief and has not established a proper chain of title to enforce the rights under the deed of trust. Because of this, he contends the Court lacks jurisdiction to resolve the motion.

The short answer to the Debtor's claims is that his challenge to the chain of title does not deprive the Movant of standing to pursue relief from the automatic stay. It is well established that hearings to determine whether the stay should be lifted are meant to be summary in character. *The Estate Construction Co. v. Miller & Smith Holding Co., Inc.,* 14 F.3d 213 (4th Cir. 1994). "[T]he only matters potentially in issue in relation to a motion to lift an automatic stay relate to the adequacy of the creditor's protection, the debtor's equity, and the necessity of the property to effective reorganization; the merits of claims are not in issue and the procedural setting is not one appropriate for the assertion of counterclaims." *In re ASI Reactivation, Inc.*, 934 F.2d 1315 (4th Cir. 1991), *citing Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740 (9th Cir.), *cert. denied,* 474 U.S. 828 (1985) (motion for relief of stay gives rise to summary proceedings not appropriate to adjudication of the merits of the underlying claim).

Recognizing the nature of hearings on motions for stay relief, many courts do not require a party seeking relief from stay to demonstrate with finality that it has all the necessary documentation to successfully prosecute a foreclosure proceeding in a state court. *See In re Ebersole*, 440 B.R. 690 (Bankr. W.D. Va. 2010). The moving party need only have a "colorable claim" to establish standing to bring a motion for relief. *Id.* at 694 (adopting the holding of *In re Weisband*, 427 B.R. 13 (Bankr. D. Ariz. 2010)); *Singh v. Lai*, 417 F. Supp.3d 694, 699 (D. Md. 2019). To establish that it has a colorable claim, a noteholder must demonstrate that it has rights to proceed, but not necessarily that it will prevail, in a state foreclosure action. *In re Escobar*, 457 B.R. 229, 239 (Bankr. E.D.N.Y. 2011). To put it another way, it is the court that has jurisdiction over the foreclosure process that ultimately must be satisfied the Movant has the right to pursue and obtain the underlying relief. For standing in this Court, the Movant must

7

establish that it holds a sufficient-enough right *i.e.,* a colorable claim, that it should be allowed to seek stay relief in order to assert those rights in state court.

Here, the Movant has established—at the very least—it has a colorable claim to being the proper party able to exercise the rights under the Note and deed of trust. It filed a detailed history of the Note, including all transfers. ECF 51 at p. 3. It submitted along with both its proof of claim and the motion for stay relief a copy of the Note and several lost note affidavits. *See* Claim 5-1 at pp. 19-30. The Movant's colorable claim gives it standing here to allow the Court to address whether stay relief is appropriate under §362(d). The Court determined above that stay relief is warranted under both §§362(d)(1) and (2) and, therefore, the Property should no longer be subject to bankruptcy protection. The state court could make any final determination of the Movant's rights to enforce the Note and deed of trust in the foreclosure action to the extent necessary. For these reasons alone, the Debtor's standing challenge is overruled.

In this case, however, the record goes far beyond Movant establishing merely a colorable claim to standing to seek relief from stay. The Debtor has raised the standing argument and his challenge to the chain of title in state and federal court litigation dating back to 2003. It has been rejected by every court that has addressed it.

Earlier in this case, the Debtor raised these same arguments in the context of the motion for relief from stay. Judge Michelle Harner separately set a hearing specifically to address the Debtor's arguments. ECF 60. After the hearing, Judge Harner issued the Order Addressing Debtor's Challenge to Standing and Subject Matter Jurisdiction (the "Standing Decision") at ECF 99. There, she addressed the Debtor's standing and chain of title arguments in a comprehensive, thorough and thoughtful review of the numerous decisions that addressed the Debtor's contentions. She found that the Debtor's claims were previously rejected by two

Bankruptcy Judges and two Judges of the United Stated District Court for the District of Maryland. *Id*. The prior rulings include a decision by District Court Judge George L. Russell III that dismissed the Debtor's claims with prejudice.[3] As Judge Harner concluded:

> In sum, the Court has reviewed the 2007 Decision, all subsequent court decisions, and Mr. Bird's legal and factual arguments in light of the foregoing case law, which is binding on this Court. This Court cannot ignore Supreme Court or Fourth Circuit case law.
>
> The record establishes that Mr. Bird has had multiple opportunities to litigate not only the alleged chain of title defects but also the Creditor's standing to pursue its alleged claims against Mr. Bird. Under both Supreme Court and Fourth Circuit precedent on res judicata and void judgments, this Court must respect the finality of the prior orders and deny Mr. Bird's continued challenges to the Creditor's standing and the courts' subject matter jurisdiction.

*Id*. at 21. The ruling is the law of the case and entitled to full effect here.

Further, to give the Debtor every opportunity to have his claims fully addressed, Judge Harner took the extraordinary step of staying all matters in the bankruptcy case and adversary proceeding to allow the Debtor to appeal the decision. The Debtor filed a notice of appeal. ECF 104. The District Court issued an order requiring the Debtor to file a motion for leave to appeal, even informing the Debtor of the matters he needed to address in the motion and giving him twenty-one days to do so. ECF 125 at 2. The District Court waited forty days, but the Debtor failed to file the required motion. The District Court then dismissed the appeal.[4] Thus, having received the extraordinary benefit of obtaining a stay pending appeal, the Debtor failed to file the motion necessary to pursue the appeal.

---

[3] The claims raised by the Debtor here are substantively the same claims he raised in the complaint dismissed by Judge Russell, although he changed the name of the parties to reflect the current holder. Compare ECF 83 in Bankruptcy Case No. 21-11271 with ECF 1 in Adversary Proceeding No. 14-00191. The proposed findings of facts and conclusions of law and Judge Russell's adoption of the proposed findings and conclusions are at ECF 79 and 82 in Adversary Proceeding No. 14-00191, respectively.

[4] Once the District Court dismissed the appeal, this Court entered an order terminating the stay pending appeal. ECF 127.

For the foregoing reasons, the Movant is entitled to relief from stay under §362(d)(1) and §362(d)(2). Further, Debtor's contention that the Movant lacks standing to bring the motion or the Court lacks jurisdiction to resolve the motion is unavailing.

*Debtor's Objections to Movant's Proof of Claim (ECF 83, 89)*[5]

A creditor in a bankruptcy proceeding may file a proof of claim. §501(a). A proof of claim is the creditor's statement as to the amount and character of the claim. Fed. R. Bankr. P. 3001(a).

> The Bankruptcy Code establishes a burden-shifting framework for proving the amount and validity of a claim. The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). The burden then shifts to the debtor to object to the claim. 11 U.S.C. § 502(b); *Finnman*, 960 F.2d at 404. The debtor must introduce evidence to rebut the claim's presumptive validity. Fed. R. Bankr. P. 9017; Fed. R. Evid. 301; 4 Collier at ¶ 501.02[3][d]. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence. Id. at ¶ 502.02[3][f].

*In re Harford Sands Inc.*, 372 F.3d 637, 640–41 (4th Cir. 2004).

Along with Claim No. 5-1, Movant filed a copy of the Note and deed of trust, the lost note affidavits, a loan payments history, and other pertinent documents. The claim is entitled to prima facie treatment under Fed. R. Bankr. P. 3001(f).

The Debtor does not challenge the amounts claimed in the proof of claim. He raises the same arguments he makes in opposition to the motion for stay relief. He contends that the Movant lacks standing to assert the claim because of the defective chain of title and thus Movant is not the party who holds an allowable claim that must be paid through a Chapter 13 plan. These challenges fail for the reasons stated in the Standing Decision, as described above. As addressed at length there, the Debtor has raised these arguments before five different judges in

---

[5] The objections are substantially similar, although the Debtor submitted exhibits with ECF 89.

the Bankruptcy Court and District Court of Maryland, and all five judges have rejected these claims through final orders.  ECF 99 at pp. 5-11, 15-22.  By way of example, not limitation, these substantive claims were dismissed with prejudice by District Court Judge Russell as described above.  *See supra* n. 3.

## Conclusion

For the foregoing reasons, the Court grants the motion for relief from stay and overrules the Debtor's objections to Movant's Claim No. 5-1.  A separate order follows.

cc:    Debtor Paul Charles Bird, Sr.
       Movant's Counsel - Daniel J. Pesachowitz
       U.S. Trustee
       Chapter 13 Trustee
       All parties in interest

**END OF MEMORANDUM**